**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

**United States of America**

  v.                Case No. 17-cr-119-PB-2
                  Opinion No. 2024 DNH 098

**Daniel Sullivan**

**ORDER**

Daniel Sullivan is serving a 168-month sentence after pleading guilty to four counts of being a felon in possession of a firearm. Sullivan seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1) and U.S.S.G. § 1B1.13(b)(3)(c). His principal argument is that he needs to be released now to care for his ailing mother. He also claims that he should be granted a sentence reduction because changes in the law warrant reconsideration of his sentence and his rehabilitative efforts justify his immediate release.

The First Circuit Court of Appeals has explained that a court may grant a request for a sentence reduction brought by a defendant who has exhausted administrative remedies if "(1) there are extraordinary and compelling reasons that warrant a sentence reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable, the court finds, in its

discretion, that the particular circumstances of the case justify reducing the defendant's sentence." United States v. D'Angelo, 110 F.4th 42, 48 (1st Cir. 2024) (cleaned up); United States v. Ayala-Vázquez, 96 F.4th 1, 12-13 (1st Cir. 2024); United States v. Ruvalcaba, 26 F.4th 14, 18-19 (1st Cir. 2022). I determine whether these requirements have been met by bearing in mind "the holistic context" of the defendant's case. D'Angelo, 110 F.4th at 48.

As a preliminary matter, I am not persuaded by the defendant's claim that he needs to be released now to care for his elderly mother. Neither the defendant acting pro se nor his former appointed counsel have presented a persuasive case that his mother, although seriously ill, is currently incapacitated. Nor does the record demonstrate that Sullivan is the only available caregiver for his mother. Thus, the defendant cannot establish that his mother's need for care qualifies as an extraordinary and compelling circumstance warranting his release.

Nor am I persuaded by the defendant's additional claims that his rehabilitative efforts, and changes in the law, either alone or in combination, amount to extraordinary and compelling circumstances.

Even if the defendant could establish extraordinary and compelling circumstances, I would not grant his request because the § 3553(a) factors

continue to require the sentence I originally imposed. The defendant's 168-month sentence was substantially below the applicable sentencing guideline range of 210-262 months. When I imposed that sentence, I believed then, and I continue to believe now that it is the lowest sentence I could impose that satisfies the purposes of the sentencing statute. The defendant's rehabilitative efforts, although commendable, do not alter my view as to the appropriate sentence. Nor do any changes in the applicable law or the health care needs of the defendant's mother affect my analysis. For these reasons, I deny the defendant's motion for a sentence reduction. Doc. 68.

    SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

November 15, 2024

cc:    Daniel Sullivan, pro se
       Counsel of Record
       U.S. Probation
       U.S. Marshal